UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:  YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |

**This Document Relates To:**

*PAMELA SCHUCHERT  v. BAYER HEALTHCARE PHARMACEUTICALS, INC., et al.*          No. 3:10-cv-11979-DRH-PMF

ORDER
Re: Trial Schedule

**HERNDON, District Judge:**

In keeping with the record in this matter and previous admonitions by this Court in conference and in CMO 70, the Court enters this order directing the parties regarding certain deadlines and instructions not heretofore established.

**Motions in *limine*** are discouraged, but if necessary, must be **filed no later than June 1, 2015 with responses no later than June 5, 2015**. Any late filed pleadings in this regard will be stricken. CMO 70 provides a schedule for *Daubert* motions; therefore, Daubert issues shall not be included in Motions in *limine*.

Generally speaking the Court will proceed with a trial schedule beginning at 8:30 A.M. and ending at 5:00 P.M. each day. There will be fifteen minute mid-morning and mid-afternoon breaks for the jury's comfort. Due to the effort of the Court to keep this trial on time and provide every efficiency possible, the Court

finds that it is necessary to keep the jury together at noon and therefore will provide the jury with lunch each day allowing for a thirty minute lunch period.

Jury selection will begin promptly at 8:30 A.M. on June 15, 2015.[1] A jury of eight persons will be selected. Typically, the Court is able to have a jury selected by noon and the parties should be prepared to meet that schedule. Assuming that to be the case, it is the intent of the Court to select a jury, provide a lunch break, instruct the jury on preliminary matters and provide time for opening statements before adjourning the first day.

The Court has no intention of directing the parties regarding how much time to spend with each witness, which witnesses to call, whether to eliminate portions of depositions, or even to simply reduce certain depositions to summaries.  However, as forewarned because of the history of this litigation, the Court, in the exercise of its discretion, will limit the amount of time each party has for the presentation and challenge of evidence. Accordingly, each side has twenty (20) hours to present and challenge evidence.  That means every minute a side is presenting direct testimony or cross examining the other side's witnesses counts against the allotment of twenty hours.  Any objection that carries on longer than the usual brief, simple objection will count against the attorney who loses the objection (therefore creating the delay). Like objections, sidebars will count against the attorney who creates the reason for the sidebar - whether that is the

---

[1] Presently, the Court's schedule from Monday June 15, 2015 through Friday June 26, 2015  (including Fridays) is reserved exclusively for the above captioned trial (a total of ten trial days).

attorney who requests the sidebar or the attorney or party's witness whose conduct precipitated the need for the sidebar.

It would be wise for the parties to work out deposition and exhibit objections well in advance of the trial. Any such objections not resolved and which are lengthy in nature will be ruled on by the Court during the trial and accounted for as aforementioned. It would seem risky to take a chance to burn up time on objections that can be resolved prior to trial starting.

Only the time spent presenting evidence and cross examining, as well as matters related directly thereto (sidebars and lengthy objections) are counted in the twenty hour allotment. If the plaintiff exhausts her twenty hours prior to the time she has completed her evidence, she must rest regardless. If the defendant exhausts its twenty hours with lengthy cross examinations during the plaintiff's case-in-chief, it must rest at the close of plaintiff's case. If the plaintiff exhausts her twenty hours during the defendant's case, she will have no time remaining for cross examination if there are other witnesses remaining or for rebuttal. However, *voir dire*, opening statements, closing arguments, break time and the similar trial related functions do not reflect in the count down for each party's allotment of time.

This restriction of time will force each side to be organized and efficient and is designed to avoid the kind of anarchical trial the parties once planned but which the Court halted with what became known in MDL 2100 as "The New Year's Eve Order."

Furthermore, in keeping with the objectives of this order, the parties will be restricted to no more than one hour each for their opening statements. As for closing arguments, the Court will restrict time for each party's closing argument as well, but that determination will be made closer to the end of the evidence so the Court can determine what is reasonable under the circumstances at the time.

**IT IS SO ORDERED.**

Signed this 16th day of March, 2015.

David R. Herndon
2015.03.16
11:46:20 -05'00'

**United States District Court**